Ella Gene Raberge v. Commissioner.
Raberge v. Commissioner
Docket No. 82192.
United States Tax Court
T.C. Memo 1961-282; 1961 Tax Ct. Memo LEXIS 68; 20 T.C.M. (CCH) 1490; T.C.M. (RIA) 61282; October 9, 1961
*68 Ella Gene Raberge, pro se., 30th St., New York, N. Y., Ronald S. Schacht, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax against petitioner for 1956 in the amount of $658.34. She resides in New York and filed her return with the district director, Lower Manhattan, New York. As a result of concessions made by both parties a number of issues have been eliminated, and there remains for decision only a single issue, namely, the correctness of the Commissioner's disallowance of a deduction claimed on petitioner's return as an alleged casualty or theft loss in the amount of $3,000. The disallowance was based upon asserted lack of substantiation. The evidence in respect of this item may be summarized as follows: Petitioner purchased a farm in Vermont in 1943 for $3,300. The farm consisted of some 80 acres, primarily in timber, and a 10-room brick house. The timber was composed chiefly of hemlock and pine trees; but, in addition there were three "huge" maple trees at a remote corner of the property that were worth far more than the other trees. In 1956 petitioner discovered that the property had been *69 stripped of the three maples as well as of a considerable number of the other trees. She estimated the value of the property at $20,000 prior to the loss of the trees, and claimed a loss in the amount of $3,000 on her 1956 return under the heading of "casualty", but described the loss as "Theft of timber Vermont farm." We are satisfied on the evidence and hereby find as fact that petitioner did sustain a loss from the unauthorized removal of a substantial amount of timber from her property by unknown persons; that such removal was carried out by trespassers and was in the nature of larceny; and that the loss was first discovered by petitioner in 1956. It is accordingly plain that petitioner suffered a loss arising out of theft; and since she resided in New York and did not discover the loss until 1956, that was the appropriate year for deduction, notwithstanding that the actual taking may have occurred in the previous year. Cf. . There remains for determination only the amount of the loss. The evidence in this respect was not satisfactory. Nevertheless, we are convinced by the evidence that a substantial loss was sustained measured *70 by the decrease in the value of the property as a result of the unlawful taking. We hereby find as a fact that such loss was in the amount of $1,500. Cf. (C.A. 2). Decision will be entered under Rule 50.